IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREEKVIEW IP LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 22-426-CFC ) |
| JABRA CORPORATION, | ) ) ) |
| Defendant. | ) |
| CREEKVIEW IP LLC, | ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 22-427-CFC ) |
| SKULLCANDY INC., | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM ORDER**

For reasons detailed in *Nimitz Technologies LLC v. CNET Media, Inc.*, 2022 WL 17338396 (D. Del. Nov. 30, 2022), by early September 2022, I had developed concerns that certain LLC plaintiffs—including Plaintiff Creekview IP LLC (Creekview)—in several patent infringement cases filed by Jimmy Chong in this Court may have had undisclosed financial relationships with the patent monetization firm IP Edge and may not have complied with my April 18, 2022 standing order regarding third-party litigation funding. (I adopt and incorporate

here *Nimitz*.) To address those concerns and similar concerns I had about Nimitz (which was not represented by Mr. Chong), I issued on September 12 and 13, 2022 in 12 cases, including these two cases, memorandum orders convening a series of evidentiary hearings to determine whether the LLC plaintiffs in the 12 cases had complied with the third-party litigation funding standing order. *Id.* at *11. The memorandum orders also directed the individuals who had been identified in disclosure statements filed by the LLC plaintiffs as the LLCs' owners to attend the hearings in person. *Id.*

Creekview identified Jacob LaPray as "its sole owner and managing partner [sic]" in amended corporate disclosure statements filed in these cases. No. 22-426, D.I. 14 at 1; No. 22-427, D.I. 17 at 1. The memorandum order I issued on September 12, 2022 in these cases directed Messrs. Chong and LaPray to attend an evidentiary hearing on December 6, 2022 and stated that the purpose of the hearing was "to determine whether the amended corporate disclosure statements are accurate and whether [Creekview] has complied with the Court's standing order regarding third-party litigation funding." No. 22-426, D.I. 15 at 2; No. 22-427, D.I. 19 at 2.

On November 4, 2022, I convened the first of the scheduled evidentiary hearings—a consolidated proceeding for cases filed by Nimitz, Mellaconic IP

2

LLC, and Lamplight Licensing LLC. As I explained in detail in *Nimitz*, the evidence adduced and the representations made by counsel at the November 4, 2022 hearing raised serious concerns that the parties may have made inaccurate statements in filings with the Court; that counsel, including Mr. Chong, may have failed to comply with the Rules of Professional Conduct; that real parties in interest, such as IP Edge and a related entity called Mavexar, may have been hidden from the Court and the defendants; and that those real parties in interest may have perpetrated a fraud on the court by fraudulently conveying the patents asserted in this Court to a shell LLC and filing fictious patent assignments with the United States Patent and Trademark Office (PTO), all designed to shield the real parties in interest from the potential liability they would otherwise face by asserting in litigation the patents in question. *Nimitz*, 2022 WL 17338396, at *26.

Believing that I needed more information to decide whether further action was warranted to address the four concerns I articulated in *Nimitz*, I issued in each of the Nimitz, Mellaconic, and Lamplight cases on November 10, 2022 a memorandum order requiring the plaintiffs in these cases to produce certain records (the November 10 Memorandum Order) no later than December 8, 2022. *See Nimitz Techs. LLC v. CNET Media, Inc.*, No. 21-1247, D.I. 27; *Nimitz Techs. LLC v. BuzzFeed, Inc.*, No. 21-1362, D.I. 21; *Nimitz Techs. LLC v. Imagine*

3

*Learning, Inc.*, No. 21-1855, D.I. 22; *Nimitz Techs. LLC v. Bloomberg L.P.*, No. 22-413, D.I. 18; *Mellaconic IP LLC v. TimeClock Plus, LLC*, No. 22-244, D.I. 22; *Mellaconic IP LLC v. Deputy, Inc.*, No. 22-541, D.I. 15; *Lamplight Licensing LLC v. ABB Inc.*, No. 22-418, D.I. 24; *Lamplight Licensing LLC v. Ingram Micro, Inc.*, No. 22-1017, D.I. 17. That same day, I convened an evidentiary hearing in two cases filed by Backertop Licensing LLC. As set forth in *Backertop Licensing LLC v. Canary Connect, Inc.*, No. 22-572, D.I. 32,[1] which I adopt and incorporate here, the evidence adduced at that hearing only heightened the concerns that gave rise to the November 10 Memorandum Orders.

On November 16, 2022, Nimitz filed with the United States Court of Appeals for the Federal Circuit a petition for a writ of mandamus to reverse the November 10 Memorandum Order. *In re Nimitz Techs. LLC*, No. 23-103, D.I. 2-1 at 11 (Fed. Cir. Nov. 16, 2022). On November 17, the Federal Circuit stayed Nimitz's November 10 Memorandum Order "pending further action of" that court. No. 23-103, D.I. 5 at 2 (Fed. Cir. Nov. 17, 2022).

The next day, Creekview filed in these cases a motion "to stay any and all Orders and/or further proceedings in [these] cases, including staying the

---

[1] The same memorandum opinion is also docketed at *Backertop Licensing LLC v. August Home, Inc.*, No. 22-573, D.I. 34.

4

evidentiary hearing scheduled for December 6, 2022, until such time as the Federal Circuit terminates the stay in connection with the Nimitz Petition." No. 22-426, D.I. 19 at 2; No. 22-427, D.I. 26 at 2. In support of its motion, Creekview stated that "the decision on the Nimitz Petition will clarify jurisdictional concerns and is likely to be dispositive in [these] cases." No. 22-426, D.I. 19 at 2; No. 22-427, D.I. 26 at 2.

On December 1, 2022, in the interests of judicial economy, I stayed these cases "until such time as the Federal Circuit terminates the stay it issued in connection with the Petition for a Writ of Mandamus filed in In re Nimitz Technologies LLC, Appeal No. 23-103 (Fed. Cir.)." Dec. 1, 2022 Oral Order.

That same day, Creekview filed with the Federal Circuit a petition for a writ of mandamus to reverse the September 12, 2022 Memorandum Order that scheduled the evidentiary hearing in these cases and to "end[ ] the judicial inquisition of [Creekview]." *In re Creekview IP LLC*, No. 23-108, D.I. 2-1 at 13 (Fed. Cir. Dec. 1, 2022).

On December 8, the Federal Circuit denied Nimitz's mandamus petition and lifted the stay in the Nimitz actions. *In re Nimitz Techs. LLC*, 2022 WL 17494845, at *3 (Fed. Cir. Dec. 8, 2022). In doing so, the Court held that the four concerns I had identified as the basis for the November 10 Memorandum Order

5

> [a]ll . . . relate[] to potential legal issues in the case, subject to the "principle of party presentation," *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (discussing the principle and its limits), or to aspects of proper practice before the court, over which district courts have a range of authority preserved by the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 83(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). The district court did not seek information simply in order to serve an interest in public awareness, independent of the adjudicatory and court-functioning interests reflected in the stated concerns.

*Id.* at *2.

On December 28, 2022, Nimitz filed a combined petition for panel rehearing and rehearing en banc in the Federal Circuit. No. 23-103, D.I. 55 (Fed. Cir. Dec. 28, 2022).

On January 4, 2023, the Federal Circuit denied Creekview's petition for a writ of mandamus. In doing so, the Court stated in relevant part:

> Here, as in *Nimitz*, the petition is premature. Given that the district court has taken no further action in these cases since its September 12 order, other than to grant Creekview's motion for a stay, the court has not addressed Creekview's argument that in light of the notice of voluntary dismissal and stipulation of dismissal the court may not conduct the proposed inquiry into the accuracy of Creekview's corporate disclosure statements and compliance with the court's standing order on third-party litigation funding. Creekview's contention that the district court may not continue its inquiry following the dismissals and that mandamus should be granted on that ground is therefore premature.

> Notably, there is no absolute prohibition on a district court's addressing collateral issues following a dismissal. Rather, "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). *See also* Fed. R. Civ. P. 83(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (a district court has authority to regulate practice before it). Creekview has not shown that the court has taken any action in this case that is so far outside its authority to warrant the extraordinary remedy of a writ of mandamus.

*In re Creekview IP LLC*, 2023 WL 29130, at *1–2 (Fed. Cir. Jan. 4, 2023).

On January 31, 2023, the Federal Circuit denied Nimitz's combined petition for rehearing. No. 23-103, D.I. 58 at 2 (Fed. Cir. Jan. 31, 2023). On February 3, Nimitz filed a motion asking the Federal Circuit "to stay issuing the mandate . . . pending the filing of a petition for mandamus and/or writ of certiorari in the United States Supreme Court." No. 23-103, D.I. 61 at 1 (Fed. Cir. Feb. 3, 2023). Nimitz argued in its motion that "there [wa]s . . . good cause for a stay" of the issuance of the mandate because "[i]f the mandate is not stayed, Nimitz would be required to disclose its privileged communications." No. 23-103, D.I. 61 at 2 (Fed. Cir. Feb 3, 2023). On February 7, the Federal Circuit issued a written order denying Nimitz's motion to stay the issuance of the mandate. No. 23-103, D.I. 62 at 2 (Fed. Cir. Feb. 7, 2023).

NOW THEREFORE, at Wilmington on this Twenty-third day of June in 2023, it is HEREBY ORDERED that:

1. The Court will convene an evidentiary hearing in Courtroom 4B on July 21, 2023 at 9:00 a.m. to determine whether the amended corporate disclosure statements are accurate and whether Plaintiff has complied with the Court's standing order regarding third-party litigation funding; and

2. The following individuals shall attend the hearing in person: Jimmy Chong and Jacob LaPray.

_____<br>CHIEF JUDGE