IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CREEKVIEW IP LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 22-426-CFC |
| | ) | |
| JABRA CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| CREEKVIEW IP LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 22-427-CFC |
| | ) | |
| SKULLCANDY INC., | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF OBJECTION TO AND NON-PARTICIPATION IN
JUDICIAL INQUISITION**

Former Plaintiff Creekview IP LLC ("Creekview" or "Plaintiff") hereby gives notice of its objection to the Judicial Inquisition initiated and conducted by the Court, and of its declining to participate any further in such inquisition, in which non-party Jacob LaPray joins, and in support thereof states as follows:

**BACKGROUND FACTS**

Creekview filed a Complaint for patent infringement against Jabra Corporation ("Jabra") on March 31, 2022. D.I. 1 (22-cv-00426-CFC). Plaintiff also filed a Complaint for patent infringement against Skullcandy Inc. ("Skullcandy") (Jabra and Skullcandy collectively referred to herein as "Defendants") on the same day. D.I. 1 (22-cv-00427-CFC). Both complaints alleged

infringement of U.S. Patent No. 9,608,472 (the "Creekview Patent"). D.I. 1-1.

Each of the complaints affirms that Creekview is the named assignee of the Creekview Patent with the right to enforce the patent. 1:22-cv-00426 D.I 1; 1:22-cv-00427 D.I. 1. That Creekview is the lawful assignee of the Creekview Patent is reflected in the public records of the United States Patent and Trademark Office as reflected in https://assignment.uspto.gov/patent/index.html#/patent/search, of which the Court can take judicial notice. *See, e.g., Telebrands Corp. v. Del Labs., Inc.*, 719 F. Supp. 2d 283, 287 n.3 (S.D.N.Y. 2010).

On April 18, 2022, the Court issued two standing orders. The first Standing Order is a "Standing Order Regarding Disclosure Statements Required by Federal Rule of Civil Procedure 7.1" and reads as follows:

> At Wilmington on this Eighteenth day of April in 2022, it is HEREBY ORDERED in all cases assigned to Judge Connolly where a party is a nongovernmental joint venture, limited liability corporation, partnership, or limited liability partnership, that the party must include in its disclosure statement filed pursuant to Federal Rule of Civil Procedure 7.1 the name of every owner, member and partner of the party, proceeding up the chain of ownership until the name of every individual and corporation with a direct or indirect interest in the party has been identified.

The second order is entitled "Standing Order Regarding Third Party Litigation Funding Arrangements" and requires disclosure of third party funders "where a party has made arrangements to receive from a person or entity that is not a party (a "Third-Party Funder") funding for some or all of the party's attorney fees and/or expenses to litigate this action on a <u>non-recourse</u>[1]

---

[1] The ordinary distinction between "recourse basis" and "non-recourse basis" is reflected in, for example, publications of the United States Internal Revenue Service:

basis in exchange for (1) a financial interest that is contingent upon the results of the litigation or (2) a non-monetary result that is not in the nature of a personal loan, bank loan, or insurance." (Emphasis added). The Court's stated purpose of the standing orders is to avoid judicial conflicts that would call for disqualification. *Nimitz Technologies LLC v. CNET Media, Inc.*, 2022 WL 17338396 at *4 (D. Del. Nov. 30, 2022) ("It makes sense… [to have] additional disclosure requirements, as it is critically important that federal judges do not suffer from conflicts that could call into question their impartiality").

Both the cases against Jabra and Skullcandy were filed on March 31, 2022, before the issuance of these Standing Orders. As such, they cannot be the basis for any claimed violation.

Creekview filed its 7.1 statements upon the filing of these cases. 1:22-cv-00426 at D.I. 4; 1:22-cv-00427 at D.I. 4. On September 2, 2022, Creekview amended its 7.1 disclosure statements to disclose Jacob LaPray as the owner of Backertop. 1:22-cv-00426 at D.I. 14; 1:22-cv-00427 at D.I. 17.

Regarding the standing order on third-party funding, Creekview receives third-party funding on a recourse basis, not on a non-recourse basis. 1:22-cv-00427 D.I. 17; 1:22-cv-00427 D.I. 24. Accordingly, this Standing Order did not require any action from Backertop.

On September 12, 2022, the Court *sua sponte* issued a Memorandum Order setting a

---

There are two types of debts: recourse and nonrecourse. A recourse debt holds the borrower personally liable. All other debt is considered nonrecourse.

(https://apps.irs.gov/app/vita/content/36/36_02_020.jsp). *See also Bennett v. Donovan*, 703 F.3d 582, 585 (D.C. Cir. 2013) ("Reverse mortgages are generally non-recourse loans, meaning that if a borrower fails to repay the loan when due, and if the sale of the home is insufficient to cover the balance, then the lender has no recourse to any of the borrower's other assets"); *Barnum v. Millbrook Care Ltd. Partnership*, 850 F.Supp. 1227, 1235 n.6 (S.D.N.Y. 1994), *aff'd mem.*, 43 F.3d 1458 (2nd Cir. 1994) ("A non-recourse loan is defined in Black's Law Dictionary as: 'Type of security loan which bars the lender from action against the borrower if the security value falls below the amount required to repay the loan,'" *citing* Black's Law Dictionary 953 (5th ed. 1979)).

3

hearing, for December 4, 2022, as the Court "has concerns about the accuracy of those statements [that Jacob LaPray is Plaintiff's owner]" and to determine if Plaintiff had "complied with the Court's standing order regarding third-party litigation funding," ordering Mr. Jacob LaPray ("LaPray"), the owner of Plaintiff, to attend the hearing to be subject to questioning by the Court. D.I. 15.[2] The Court did not assign this inquiry to a Magistrate Judge or a Special Master or appoint private counsel as a prosecutor. Instead, the Court took it upon itself to investigate, including obtaining documents from parties and examining witnesses. These concerns were not raised by any party. No party to the case has raised any concerns regarding the accuracy of Creekview's disclosures, compliance with the Court's standing orders, whether LaPray was the owner of Creekview, nor has any party requested a hearing. LaPray is a resident of the State of Texas only, works in the State of Texas only, and regularly transacts business in person in the State of Texas only.

On May 16, 2022, nearly four months before this order was issued, Plaintiff and Jabra had reached a settlement in the case and announced it to the Court. D.I. 9. Plaintiff and Jabra executed a settlement agreement effective September 19, 2022, and, pursuant to the terms of the settlement, a notice of voluntary dismissal with prejudice was filed by Plaintiff on October 6, 2022. D.I. 16.

On September 28, 2022, Plaintiff and Skullcandy Inc. filed a joint stipulation to dismiss all claims and counterclaims in the case without prejudice. 1:22-cv-00427-CFC, D.I. 23.

On October 5, 2022, Creekview filed a statement regarding third-party litigation funding agreements and a letter, with affidavit from LaPray, in both cases explaining that it "does not receive from a person or entity that is not a party funding for some or all of the party's attorneys'

---

[2]   Unless otherwise noted, all references to the docket (D.I. #) henceforth shall refer to the docket of *Creekview IP LLC v. Jabra Corporation*, 1:22-cv-00426-CFC.

fees and/or expense to litigate this action on a non-recourse basis…. All funding received by Plaintiff for this litigation, including the advance of any expenses, is provided on a recourse basis." D.I. 17-18. In the letter, Creekview sought clarification and guidance from the Court so it can bring any additional documents or evidence to the evidentiary hearing, so it may be fully responsive and ensure that the requested information is available to the Court. *Id.* The Court did not respond to Creekview's disclosure regarding there being no non-recourse funding, did not respond to Creekview's request for clarification, did not cancel the evidentiary hearing in response to the October letter, and did not terminate the already dismissed cases.

On November 15, 2022, Nimitz Technologies LLC ("Nimitz") filed a Petition for Writ of Mandamus with the Federal Circuit. On November 18, 2022, Creekview filed a Motion to Stay the Court's investigation into Plaintiff pending the Nimitz Mandamus Petition. D.I. 19. Having not received a ruling on the motion to stay, Plaintiff filed its own Petition for Writ of Mandamus to the Federal Circuit on November 30, 2022. *In re: Creekview IP LLC*, Case 23-108 (Fed. Cir. 2022). On December 1, 2022, this Court stayed the Creekview case and cancelled the December 4, 2022 hearing "until such time as the Federal Circuit terminates the stay it issued in connection with the Petition for Writ of Mandamus filed in In re Nimitz Technologies LLC." Oral Order, December 1, 2022. On January 4, 2023, the Federal Circuit denied Plaintiff's Petition for Writ of Mandamus. *In re: Creekview IP LLC*, Case 23-108 at D.I. 30. In doing so, the Federal Circuit noted, in part, that "Creekview has not shown that the court has taken any action in this case that is so far outside its authority to warrant the extraordinary remedy of a writ of mandamus." *Id.* at 3.

Meanwhile, in the Nimitz cases, the Court issued a 79-page memorandum Order on November 30, 2022 (the "Nimitz Order") that was incorporated by the Court in the Creekview cases. *Nimitz Technologies LLC v. CNET Media, Inc.*, 2022 WL 17338396 (D. Del. Nov. 30, 2022).

5

The Court disclosed research it conducted in furtherance of its investigation. The Court engaged in a lengthy discussion of cases unrelated to any of the cases where Mavexar was the consulting company under investigation by the Court, namely the *Longbeam Technologies LLC v Amazon.com, Inc.* case and the *Missed Call* cases. 2022 WL 17338396 at *10-22. Relying on an "RPX" article, the Court connected the entities that use Mavexar as a consulting company to "IP Edge" and noted that none of the entities it is investigating (including Backertop) disclosed any third-party funding with IP Edge. *Id.* at *26. Using further "research" from one of the Court's law clerks, the Court found that the patent assignments in *Nimitz* and *Mellaconic* had provided an email to the PTO of "linhd@ip-edge.com." *Id.* at *26-27. Accordingly, the Court expressed concerns that such entities may have not complied with the Third-Party Funding Order, because they did not disclose "IP Edge," and, thus, the Court issued evidentiary hearing orders in these cases, including Creekview. *Id.* at *26-27.

After discussing the *Nimitz* and *Mellaconic* hearings, the Court stated its concerns: "The records sought are all manifestly relevant to addressing the concerns I raised during the November 4 hearing. Lest there be any doubt, those concerns are: Did counsel comply with the Rules of Professional Conduct? Did counsel and Nimitz comply with the orders of this Court? Are there real parties in interest other than Nimitz, such as Mavexar and IP Edge, that have been hidden from the Court and the defendants? Have those real parties in interest perpetrated a fraud on the court by fraudulently conveying to a shell LLC the #328 patent and filing a fictitious patent assignment with the PTO designed to shield those parties from potential liability they would otherwise face in asserting the #328 patent in litigation?" *Id.* at *75-76. The Court did not cite to its originally stated purpose for its Standing Orders regarding avoiding judicial conflicts. Nor did it give Creekview prior notice of this independent research to allow Creekview to respond.

On June 23, 2023, the Court reset its evidentiary hearing, previously scheduled for December 4, 2022, for July 21, 2023 at 9:00 a.m. "to determine whether the amended corporate disclosure statements are accurate and whether Plaintiff has complied with the Court's standing order regarding third-party litigation funding. The following individuals shall attend the hearing in person: Jimmy Chong and Jacob LaPray." D.I. 20. In this eight-page order ("Evidentiary Hearing"), the Court incorporates the Nimitz Order and explains the Court's concern that certain LLC plaintiffs, including Plaintiff, "may have undisclosed financial relationships with the patent monetization firm IP Edge and may not have complied with my April 18, 2022 standing order regarding third-party litigation funding." *Id.* Notably, the Court also adopted and incorporated by reference its memorandum opinion from May 1, 2022 in the case *Backertop Licensing LLC v. Canary Connect, Inc.*, as well as the hearing from that case on November 10, 2022. *Id.* at 4 ("which I adopt and incorporate here, the evidence adduced **at that hearing** only heightened the concerns that gave rise to the November 10 Memorandum Orders") (emphasis added). The concerns raised by the Court in the Evidentiary Hearing and the Court's hearing itself were raised <u>sua sponte</u>; none of the concerns raised in the Evidentiary Hearing were raised by any party, and no party requested any such hearing. Moreover, the Court did not issue a subpoena to compel LaPray to appear on July 21, 2023. As noted above, LaPray is a resident of the State of Texas only, works in the State of Texas only, and regularly transacts business in person in the State of Texas only.

I.   **THE COURT HAS IMPROPERLY REQUIRED THAT NON-PARTY JACOB LAPRAY APPEAR BEFORE THE COURT FOR EXAMINATION.**

The Court has ordered Mr. LaPray to come to Delaware and be examined by it, notwithstanding that Mr. LaPray lives in Texas, over 100 miles away from Delaware, and that even as Creekview's offer, Mr. LaPray resides only in Texas, works only in Texas, and regularly transacts business in person in Texas.

In *Backertop Licensing v. Canary Connect, Inc.*, 2023 WL 4420467 (D. Del. July 10, 2023), the Court held that it has inherent authority to compel a non-resident to travel to Delaware from effectively anywhere in the United States to testify at a judicial inquisition, notwithstanding Federal Rule of Civil Procedure. This Court's ruling contradicted the ruling in *Racher v. Lusk*, 2016 WL 67799 (W.D. Okla. Jan. 5, 2016), wherein the Court declined to issue an order compelling a party to appear at trial that it would be inappropriate to use its inherent power to compel a party to appear at trial in light of the limitations imposed by Fed. R. Civ. P. 45. It also contradicts the statement of the Supreme Court in *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016), that "the exercise of an inherent power cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute." *Id.* at 45. *Cf. Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1409 (5th Cir. 1993) ("there is no broad, general inherent power to order a non-party beyond the district to produce documents").

Mr. LaPray and Creekview respectfully decline to appear for examination and to participate further in these proceedings.

**II    CREEKVIEW JOINS IN, INCORPORATES BY REFERENCE AND ADOPTS THE ARGUMENTS MADE BY BACKERTOP LICENCING LLC.**

On July 12, 2023, Backertop Licensing LLC filed a Notice of Objection To And Non-Participation In Judicial Inquisition (the "Objection") in *Backertop Licensing LLC v. Canary Connect, Inc.*, D. Del., C.A. No. No. 22-572-CFC, D.I. 48, and *Backertop Licensing LLC v. August Home, Inc.,* D. Del., C.A No. 22-573-CFC D.I. 52.

Creekview joins in that Objection, incorporates it by reference, and adopts applicable arguments contained therein.

        Respectfully submitted,

        /s/ David L. Finger
        David L. Finger (DE Bar ID #2556)
        Finger & Slanina, LLC
        One Commerce Center
        1201 N. Orange St., 7th floor
        Wilmington, DE  19801-1186
        (302) 573-2525
        dfinger@delawgroup.com
        Attorney for Plaintiff Creekview IP LLC and
        non-party Jacob LaPray

Dated:  July 19, 2023